**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**UNITED STATES OF AMERICA,**

   **Plaintiff,**

            **v.**                                  Civil Action No.  03-0096 (JDB)

**PROJECT ON GOV'T OVERSIGHT, et al.,**

   **Defendants.**

---

**MEMORANDUM AND ORDER**

On December 3, 2007 this Court issued an Order denying both the government's and defendant Berman's motions for summary judgment.  See United States v. Project on Gov't Oversight, -- F. Supp. 2d --, 2007 WL 4226961 (D.D.C. Dec. 3, 2007) ("POGO III").  The facts of this case are set out in detail in the Memorandum Opinion issued on that date and will not be repeated here.  Currently before the Court is the government's motion *in limine* and, in the alternative, to compel.  The government seeks to preclude four broad categories of evidence from being introduced at trial: (1) evidence that POGO disclosed its intent to make a payment to Berman prior to doing so; (2) evidence that POGO relied on counsel's advice that the payment was not unlawful under 18 U.S.C. § 209(a); (3) evidence that the government launched a criminal investigation into the conduct of POGO and Berman that did not result in an indictment or conviction; and (4) evidence that Congress unduly interfered with DOJ's investigation of this incident.  The motion is now fully briefed and ripe for resolution.  Upon careful consideration, and for the reasons set forth below, the Court will grant the government's motion in part and deny it in part.

-1-

**<u>DISCUSSION</u>**

The government begins by contending that POGO's "purported disclosure" to "Department of Justice officials" of its intention to "provide the public service award to Mr. Berman prior to the time that it was made" is inadmissible.  Pl.'s Mot. at 4-5.  Specifically, at trial POGO may offer evidence that Lon Packard, an attorney for the organization, "contacted an Assistant United States Attorney in Texas just prior to POGO's payment to Mr. Berman." <u>Id.</u> at 5.  The crux of the government's objection to such evidence is that is irrelevant under Fed. R. Evid. 401 and should not be allowed.  In support of that conclusion, the government cites <u>United States v. Crandon</u>, 494 U.S. 152 (1990), where the Supreme Court held that "[n]either good faith, nor full disclosure . . . will excuse the making or receipt of a prohibited payment." <u>Id.</u> at 165.  Thus, the argument goes, because full disclosure is no defense to § 209(a) liability, any evidence relating to disclosure should therefore be considered irrelevant and inadmissible.

POGO, on the other hand, steadfastly maintains that "section 209(a) is not a strict liability offense" and that to prevail at trial the government must prove that "POGO <u>intentionally</u> made the award to Mr. Berman as compensation for his services as an officer or employee of the United States." Def.'s Opp'n at 4-5 (emphasis added).  Thus, POGO argues, evidence of full disclosure "evinces . . . .lack of intent to violate the statute" and is consequently relevant and admissible. <u>Id.</u> at 4.  That contention is incorrect.  There is simply no escaping the Supreme Court's command that "full disclosure" does not excuse making a prohibited payment. <u>Crandon</u>, 494 U.S. at 165.  Consequently, the fact that POGO did not intend to violate § 209(a), as evidenced by pre-payment disclosure, is entirely irrelevant.

In this case, the primary issue is whether the work done by Berman on the issue of oil royalty payments -- and specifically the reports and memoranda prepared by Berman that POGO undeniably used to prepare for its *qui tam* litigation -- constitutes his official government work

product.[1]  POGO's belief that it was not paying Berman for his <u>government</u> work, even if true, is not relevant to the issue of whether the reports in fact amount to Berman's official government services.  As such, that evidence is not admissible for that purpose.[2]

    That does not end the analysis, however.  The evidence of full disclosure is relevant for a different purpose, namely that "the government's silence after the disclosure 'may be evidence that the Department did not view Berman's official work as the same as or similar to that for which he was being rewarded by POGO.'"  Def.'s Opp'n at 4 (citing <u>United States v. Project on Gov't Oversight</u>, 454 F.3d 306, 311 n.5 (D.C. Cir. 2006) ("<u>POGO I</u>").[3]  The <u>government's</u> understanding of the scope of Berman's official duties is relevant because the government is Berman's employer and presumably has knowledge of his assigned duties.  Evidence that the

_____

    [1] POGO admits to making, and Berman admits to receiving, a payment to compensate Berman for his work on oil royalty issues.  As Berman received that payment while employed by the Department of Interior, the only question is whether that work was performed in accordance with his official job responsibilities such that it would constitute his government services.

    [2] Similarly, any evidence that POGO relied on "advice of counsel" that its payment would not violate § 209(a) would also be inadmissible because it is irrelevant for the same reasons.  POGO has now agreed that it will not introduce any "advice of counsel" evidence.  <u>See</u> Def.'s Opp'n at 3.

        [3] In <u>POGO I</u>, the D.C. Circuit wrote:
        Although "[n]either good faith, nor full disclosure" is a defense to a § 209(a) civil
        action . . . the advice of the Interior Department ethics officer may be evidence
        that the Department did not view Berman's official work as the same as or similar
        to that for which he was being rewarded by POGO.  And Berman's report to Brian
        regarding that advice may be seen as evidence confirming POGO's understanding
        . . . that the work was different.
454 F.3d at 311 n.5.  Seizing on that passage, POGO now argues that the "proof surrounding POGO's disclosure to the Department of Justice is similarly pertinent to POGO's state of mind," and thus POGO's subjective intent is indeed relevant here.  Def.'s Opp'n at 5.  The Court disagrees for two reasons.  To begin with, the force of this footnote is undercut by the fact that we now know that Berman never consulted with any Interior Department ethics officer for advice.  Moreover, to the extent that the D.C. Circuit meant to indicate that POGO's subjective "understanding . . . that the work was different" was relevant to the § 209(a) inquiry, that proposition is in tension with the Supreme Court's holding in <u>Crandon</u>.

government did not object when informed of the prospect of the payment could indicate that it did not believe that § 209(a) was offended because the work that led to the public service award was not Berman's "official" work, as the government understood it.[4]   And that understanding is not precluded by <u>Crandon</u> because the government was neither the payor nor payee in this case.

The government does not appear to explain why evidence of full disclosure, if used to establish government silence rather than POGO's subjective intent, should be inadmissible. There is, of course, a risk that if the Court permits evidence of disclosure to come before the jury then it will be used for an improper purpose, namely as proof of POGO's subjective intent.  But the Court is satisfied that a carefully-crafted limiting instruction can and will mitigate against that risk.  Hence, the government's motion *in limine* relating to evidence of full disclosure will be denied.

Turning to a related point, although the government would prefer not to introduce evidence concerning its aborted criminal investigation of POGO and Berman, it has requested the right to do so in the event that the Court permits POGO's evidence of full disclosure to be introduced.  Pl.'s Mot. at 8.  Since the Court has determined that it will allow such evidence to go before the jury, it will also permit the government to rebut the inference of "silence" by introducing the fact of the criminal investigation.  Although POGO objects that the criminal investigation evidence is "entirely irrelevant," Def.'s Opp'n at 3, the Court disagrees.  In fact, as just noted, the criminal investigation can be seen to refute the inference of tacit government approval of POGO and Berman's conduct that may be drawn from the evidence of disclosure followed (allegedly) by silence.  Similarly, the Court will also allow POGO to demonstrate that the criminal investigation did not result in either an indictment or a conviction.  The government's argument that permitting such evidence would be "prejudicial," Pl.'s Mot. at 7, is unfounded.  Naturally, the government is free to point out to the jury that criminal burdens of

---

[4] There are, of course, other explanations for the government's silence, but POGO's inference is a permissible one for purposes of Rule 401.

proof differ from their civil counterparts.  The government can also argue that purportedly "new deposition testimony," id., diminishes the significance of the criminal investigation in any event. Accordingly, the government's motion *in limine* barring evidence relating to the criminal investigation will be denied, but such evidence may be introduced only if evidence of full disclosure is first admitted.

Finally, the government seeks to prevent POGO from presenting evidence of undue congressional influence.  Id. at 8-9.  Such evidence, according to the government, runs "the danger of unfair prejudice, [and] misleading the jury" and would amount to "an unnecessary waste of time."  Id. at 9.  More significantly, the argument goes, POGO has a right to an "impartial tribunal free of undue influence from Congress" and the best way to realize that right is to strike any evidence relating to congressional interference.  Pl.'s Reply at 5.  As POGO correctly points out, the government's argument misses the mark.  The government is apparently operating under the misconception that POGO believes that undue congressional influence may prejudice the proceedings before this Court.  See id. ("The only way that congressional investigations might prejudice POGO before this tribunal would be to allow the jury to hear evidence of the congressional investigations.") (emphasis added).  That is incorrect.  Instead, POGO argues that it has an affirmative defense that improper influence infected DOJ's investigation of the POGO-Berman transaction.  Def.'s Opp'n to Summ. J. at 16-17.  The government may be correct that POGO cannot ultimately "support such a defense," Pl.'s Reply at 5, but POGO is nevertheless entitled to attempt to prove its affirmative defense.  Hence, the government's motion *in limine* on this point will be denied.  It should be noted, however, that the Court will not permit the trial to devolve into a sideshow focusing on the congressional hearings or the criminal investigation.  The Court will exercise its discretion to guard against evidence that would create "confusion of the issues . . . [or] mislead[] the jury" or otherwise amount to "undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.

## <u>CONCLUSION</u>

Upon consideration of [56] the government's motion *in limine*, the opposition and reply thereto, the entire record herein, and for the reasons set forth above, it is hereby **ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART**; and it is further **ORDERED** that: (1) POGO is not permitted to introduce evidence that relates to advice it received from counsel that is only relevant to its subjective intent or understanding of the scope of Berman's official duties; (2) POGO may introduce evidence concerning its disclosure of the award to the government prior to delivering it to Berman; (3) in response, both the government and POGO may introduce evidence concerning the prior criminal investigation; and (4) POGO is permitted to introduce evidence relating to alleged undue congressional influence.

       **SO ORDERED.**

/s/    John D. Bates     

John D. Bates

United States District Judge

Dated:  December 21, 2007