# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

**UNITED STATES OF AMERICA,**

     **Plaintiff,**

       **v.**                            **Civil Action No.  03-0096 (JDB)**

**PROJECT ON GOVERNMENT
OVERSIGHT, et al.,**

     **Defendants.**

---

## MEMORANDUM OPINION & ORDER

On March 21, 2012, the Court granted summary judgment in favor of the United States on Count III of its complaint, concluding that defendant Robert Berman breached his fiduciary duty to the government and that the proper remedy was disgorgement of the $383,600 that Berman received from defendant POGO.  United States v. POGO ("POGO IX"), 839 F. Supp. 2d 330, 353-54 (D.D.C. 2012).  The case was then tried to a jury on Count I.  The jury was unable to reach a verdict, and a mistrial was declared.  At the status conference held on January 3, 2013, the United States represented that it would not retry the case and asked that Counts I and V be dismissed under Federal Rule of Civil Procedure 41.[1]  Following an inquiry from the Court, the government then moved for judgment against Berman on Count IV as an alternative basis for disgorgement.  See Gov't's Post-Trial Mot. for J. on Count IV [ECF 207] ("Mot. for Judgment") 1-2 & n.1.  Berman responded with two post-trial motions of his own, for dismissal of all counts

---

[1] The parties stipulated to the dismissal of Count II pursuant to Rule 41(a)(1)(A)(ii) in December 2007.  See Joint Stipulation [ECF 64].

with prejudice and for reconsideration of the Court's March 21, 2012 denial of his motion for sanctions.  See Berman's Post-Trial Mot. for Dismissal with Prejudice [ECF 209] ("Mot. for Dismissal"); Berman's Post-Trial Mot. for Recons. Regarding Gov't Misconduct [ECF 210] ("Mot. for Reconsideration").  For the reasons that follow, the Court will deny all three post-trial motions.

I.      The United States's Motion for Judgment on Count IV

        The United States argues that it is entitled to judgment on Count IV, its claim of unjust enrichment, because Berman has retained a benefit – the $383,600 payment from POGO – that in justice and equity does not belong to him.  See Mot. for Judgment 6.  Berman argues that this claim was abandoned and that it is without merit in any event.

        Berman contends that the United States abandoned its unjust enrichment claim by not pursuing the claim in the appeal after the first trial in this case or in the summary judgment proceedings and trial after remand from that appeal.  After the first trial, the Court did not decide if Berman had been unjustly enriched because he was already required, in effect, to disgorge the $383,600 payment pursuant to the jury's verdict on Count I.  See United States v. POGO ("POGO VII"), 572 F. Supp. 2d 73, 77 & n.5 (D.D.C. 2008).  Once the D.C. Circuit vacated the jury's verdict, it became appropriate for this Court to reexamine that issue.  See United States v. POGO ("POGO VIII"), 616 F.3d 544, 562 n.20 (D.C. Cir. 2010); POGO IX, 839 F. Supp. 2d at 350 (reconsidering Count III).  On remand, the government notified the Court that it intended to seek summary judgment against Berman on Counts I, III, and IV.  See Gov't's Notice of Its Intentions Regarding Summ. J. [ECF 138] 1.  But in its summary judgment motion filed just over one month later, the United States sought summary judgment against Berman only on Counts I and

III and did not mention Count IV.  See Gov't's Mot. for Summ. J. Against Robert A. Berman [ECF 148].  In its reply in support of its motion for judgment now before the Court, the government explains the appropriateness of considering Count IV on remand and that Berman is not entitled to a jury trial on that claim.  See Gov't's Reply and Opp'n [ECF 211] 2-3.  However, the United States offers no explanation for its decision to omit Count IV from its post-remand motion for summary judgment.  In the Court's view, the government should have briefed its unjust enrichment claim, if at all, in that motion, and its failure to do so before this late date might well amount to abandonment of that claim.  See, e.g., Alaska Forest Ass'n v. Vilsack, — F. Supp. 2d —, 2012 WL 3255061, at *1 (D.D.C. Aug. 2, 2012) (claim in complaint but not in summary judgment motion had been abandoned); Escobedo v. Green, 602 F. Supp. 2d 244, 247 n.3 (D.D.C. 2009) (plaintiff abandoned claim "by failing to raise it in his motion for summary judgment or in response to the [defendant]'s motion").

    But even assuming that the unjust enrichment claim has not been abandoned, the Court declines to enter judgment for the United States on it now.  The Court has twice expressed doubt about the viability of this claim because Berman's receipt of the payment from POGO, even if unjust, appears not to have been at the government's expense.  See POGO VII, 572 F. Supp. 2d at 77 & n.5 (discussing D.C. Circuit's statement in Rapaport v. U.S. Dep't of Treasury, 59 F.3d 212, 217 (D.C. Cir. 1995), that "unjust enrichment simply does not lie when the plaintiff has not bestowed some sort of benefit upon the defendant"); United States v. POGO ("POGO VI"), 543 F. Supp. 2d 55, 69 (D.D.C. 2008) (noting that "even if Berman was unjustly enriched, it does not appear that it was at the expense of the government").  Berman argues that Rapaport forecloses the remedy sought by the government.  See Berman's Opp'n [ECF 208] at 6-8.  The government

3

disagrees, asserting that the D.C. Circuit stated the requirement that an unjust enrichment

plaintiff confer a benefit on the defendant "in dicta" but based its holding on the fact that the

defendant in that case had not been "enriched."  See Mot. for Judgment 3-4 (citing Rapaport, 59

F.3d at 217-19).

In Rapaport, the D.C. Circuit set forth three elements of an unjust enrichment claim,

based on Florida law: "(1) the plaintiff conferred a benefit upon the defendant; (2) the defendant

accepted and retained the benefit; and (3) it would be unjust for the defendant not to pay the

plaintiff the value of the benefit."  Rapaport, 59 F.3d at 217.  It set forth these elements according

to unjust enrichment's "ordinary meaning at common law" and stated that Florida law was

"typical."  See id.; see also Peart v. D.C. Hous. Auth., 972 A.2d 810, 813 (D.C. 2009) ("Unjust

enrichment occurs when: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant

retains the benefit; and (3) under the circumstances, the defendant's retention of the benefit is

unjust." (internal quotation marks omitted)).  As stressed by the government here, the D.C.

Circuit indeed concluded that the government plaintiff in Rapaport had not shown that the

defendant had been enriched (or that the claimed enrichment had been unjust).  See id. at 218.

But the court also stated quite clearly that the government's unjust enrichment argument "fail[ed]

to satisfy even the first element of a claim for unjust enrichment": the plaintiff's conferral of a

benefit on the defendant.  See id. at 217 ("If Rapaport 'benefitted' from his failure to contribute

capital to Great Life – and that is at best an odd way to describe what happened – it was not

because the [Office of Thrift Supervision] or its predecessor conferred something upon him.").

Considering that the D.C. Circuit stated general principles of unjust enrichment and then applied

them to find that the government plaintiff in Rapaport had not satisfied the first element of its

claim, the statements concerning that first element may not be mere dictum.  As this Court previously noted, it "does not cavalierly disregard statements from the D.C. Circuit." POGO VII, 572 F. Supp. 2d at 77 n.5.  Hence, the Court will not give Rapaport the reading urged by the United States.  Here, Berman received the $383,600 sought to be disgorged from POGO, not from the government.  Because the United States did not confer the benefit at issue on Berman, it has not satisfied an essential element of its unjust enrichment claim under Rapaport.

Rapaport's discussion of unjust enrichment at common law does, however, leave open the possibility that the requirements for liability based on unjust enrichment will vary in particular contexts.  For example, Rapaport itself concerned the meaning of "unjustly enriched" in 12 U.S.C. § 1818(b)(6)(A).[2]  On the other hand, SEC v. First City Financial Corp., 890 F.2d 1215, 1229-31 (D.C. Cir. 1989), cited by the government in its motion, concerned disgorgement as a remedy for unjust enrichment gained through violations of federal securities laws.  And, pertinent here, the Restatement of Restitution specifically addresses breaches of fiduciary duty as follows: "where a person in a fiduciary relation to another makes a profit in connection with transactions conducted by him as fiduciary, he is ordinarily accountable to his beneficiary for the profit, although the beneficiary suffered no loss." See Restatement (First) Restitution § 1 cmt. e (1937); see also Restatement (Third) of Restitution & Unjust Enrichment § 43 (2011) ("[A]ny benefit acquired or retained in violation of a fiduciary duty must be given up to the person to whom the duty is owed.").

---

[2] The Rapaport court's discussion of Akin v. Office of Thrift Supervision, 950 F.2d 1180 (5th Cir. 1992), was specific to § 1818(b)(6)(A), and for this reason, the arguments based on that discussion are not persuasive here.  See Rapaport, 59 F.3d at 219-20 (discussing Fifth Circuit's reading of "the terms of the particular provision," i.e., § 1818(b)(6)(A)); Mot. for Judgment 3-4.

Relying primarily on this statement from the First Restatement, the United States argues that it is entitled to judgment on Count IV because Berman profited from a breach of fiduciary duty.  See Gov't's Mot. for Judgment 2-3, 5-6; Gov't's Reply and Opp'n 1 ("[I]t bears repeating that profit from a breach of fiduciary duty is by its nature unjust.").  But this argument is premised on Berman having breached his fiduciary duty to the government – the basis for liability on Count III – and apparently is not supported by any facts independent of those supporting the breach of fiduciary duty claim.  See Mot. for Judgment 2 ("For the purposes of this motion, the Government relies on the facts established in connection with our motion for summary judgment on Count III, the fiduciary duty claim against Mr. Berman.").  As discussed above, the United States has not established liability for unjust enrichment given its ordinary, common law meaning, and it has not put forth an alternative theory for liability on Count IV that is different from its theory for liability on Count III.  Moreover, the remedy sought on both counts is identical: disgorgement of the payment from POGO.  Because the Court has found Berman liable on Count III and will order that he disgorge the $383,600 benefit that he received from POGO, and there seem to be no material differences between the claims in Count III and Count IV, the Court sees no basis for entering judgment against Berman on Count IV, which has only belatedly been pressed by the United States.  Hence, the government's motion will be denied, and Count IV will be dismissed.

II.     Berman's Motion for Dismissal with Prejudice

Berman has moved the Court to dismiss all remaining counts with prejudice, arguing that he has an interest in the conclusion of this nearly decade-old case and should not have to face the possibility of a retrial.  However, voluntary dismissals sought in good faith are generally granted

6

"unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some

tactical disadvantage" and, under Rule 41(a)(2), are ordinarily without prejudice.  See Fed. R.

Civ. P. 41(a)(2); Conafay v. Wyeth Labs. ("Conafay I"), 793 F.2d 350, 353 (D.C. Cir. 1986).

Berman suggests that the United States may be seeking voluntary dismissal not in good faith but

as a "delaying tactic," but he provides no evidence – and the Court sees none – to support that

assertion.  See Berman's Reply in Supp. of Mot. for Dismissal [ECF 212] 3.  More importantly,

the Court concludes that Berman will not suffer "legal prejudice."  See Kellmer v. Raines, 674

F.3d 848, 851 (D.C. Cir. 2012); Conafay v. Wyeth Labs. ("Conafay II"), 841 F.2d 417, 419 (D.C.

Cir. 1988) (per curiam) (stating that "legal prejudice" means "something other than the necessity

that defendant might face of defending another action" (internal quotation marks omitted)).  This

case has been ongoing since 2003 and so it is understandable that Berman wants to see it finally

resolved.  But dismissing Counts I and V without prejudice now will not compromise Berman's

ability to defend himself should the government attempt to resurrect the case later.

Notwithstanding the age of this case, Berman has just put on a defense at the recent trial, and the

witnesses and evidence presented there will remain available to him.  Accordingly, the Court will

dismiss Counts I and V without prejudice.[3]

III.   Berman's Motion for Reconsideration

        Berman asks the Court to reconsider its March 21, 2012 denial of his motion for

---

[3] Although Rule 41(a) provides for voluntary dismissal of an "action," rather than a claim
or claims, the Court concludes that it is appropriate to dismiss the government's remaining claims
without prejudice under Rule 41(a)(2).  See Fed. R. Civ. P. 41(a); Pharm. Care Mgmt. Ass'n v.
District of Columbia, 796 F. Supp. 2d 93, 95 n.2 (D.D.C. 2011) ("Because the plaintiff here
seeks to voluntarily dismiss all that meaningfully remains of its action, this court will consider its
motion to dismiss under Rule 41(a).").

sanctions in light of Theodore Heintz's testimony at the recent trial.  Berman previously argued

that, at the first trial, Heintz falsely testified that he had supervised Berman for a continuous

period of about ten years, when in fact there had been a break of several years, between 1988 and

1993, in Heintz's supervision of Berman.  See POGO IX, 839 F. Supp. 2d at 345.  This Court

denied Berman's motion to dismiss or for sanctions based on Heintz's allegedly false testimony

because it concluded that Berman had not shown by clear and convincing evidence either that (i)

Heintz lied about being Berman's supervisor from 1988 and 1993 or that (ii) the government

knew that Heintz's testimony was false.  Id. at 345-46.  On cross-examination at the second trial,

Berman questioned Heintz about his supervision of Berman.  Heintz said that his "memory[]

[had] been refreshed" that there was a period of about three or four years when Berman was

"being supervised by somebody else."  12/11/12 Tr. 412.  According to Heintz, the government

attorneys had given him a copy of his 2007 deposition about a month before trial and,

presumably as a result of Berman's earlier motion, had noted that Berman had not been under

Heintz's supervision for a period of several years.  See id. at 413-14.  Heintz explained that his

"recollection originally was that [he] had been [Berman's] supervisor for the entire period," but

that "[t]urned out to be incorrect."  Id. at 415.

Berman now argues that Heintz's testimony "provides the clear and convincing evidence

this Court found lacking."  See Motion for Reconsideration 2.  The Court disagrees.  Although

Heintz's testimony indicates that he misspoke when he said that he supervised Berman for the

entire ten-year period, it does not show that he misspoke deliberately.  And it certainly does not

show by clear and convincing evidence that the United States knew Heintz's 2008 testimony was

false.  Berman first raised the issue of the gap in supervision in 2011.[4]  That the government

attorneys then raised the issue to Heintz is perfectly consistent with their having believed that

Heintz was Berman's supervisor for the entire ten-year period up until Berman claimed otherwise

"very late in the game."  See POGO IX, 839 F. Supp. 2d at 345.  Nothing in Heintz's 2012

testimony suggests that the government knowingly suborned perjury in 2008.  Berman's motion

for reconsideration will therefore be denied.

       For the foregoing reasons, it is hereby

       **ORDERED** that judgment is entered in favor of the United States and against Berman,

and Berman shall disgorge to the government $383,600 plus interest from March 21, 2012,[5]

pursuant to [169] the summary judgment entered against Berman on Count III; it is further

       **ORDERED** that [207] the government's motion for judgment on Count IV is **DENIED**,

and Count IV is **DISMISSED**; it is further

_____

       [4] See POGO IX, 839 F. Supp. 2d at 345 ("It bears noting that Berman never even hinted at
this issue during trial, either in his own testimony or during the cross-examination of Heintz.
Heintz repeatedly described himself as Berman's supervisor, and Berman repeatedly referred to
Heintz as his supervisor, without clarifying the dates at issue.").

       [5] The United States requests prejudgment interest from November 2, 1998, the date of
POGO's payment to Berman.  "[W]hether pre-judgment interest is to be awarded is subject to the
discretion of the court and equitable considerations."  Oldham v. Korean Air Lines Co., 127 F.3d
43, 54 (D.C. Cir. 1997) (alteration in original) (internal quotation marks omitted); see also
POGO VII, 572 F. Supp. 2d at 77 (stating that disgorgement "'is an equitable remedy'" (quoting
First City Fin. Corp., 890 F.2d at 1230)).  Prejudgment interest may be awarded "to compensate
the plaintiff for any delay in payment resulting from the litigation."  See Oldham, 127 F.3d at 54.
Here, responsibility for the delay is not Berman's alone.  Moreover, the government is not being
compensated for any loss.  Rather, the disgorgement remedy serves "to provide a means of
enforcing the loyalty of [government] agents."  See United States v. Kearns, 595 F.2d 729, 734
(D.C. Cir. 1978).  The Court finds that in these circumstances awarding prejudgment interest
from 1998 would be unduly punitive to Berman, and it further finds that requiring Berman to
disgorge the payment from POGO plus post-judgment interest will sufficiently further "impartial
public administration."  See id.  Hence, the Court declines to award prejudgment interest.

**ORDERED** that [209] Berman's motion for dismissal with prejudice is **DENIED**; it is further

**ORDERED** that [210] Berman's motion for reconsideration is **DENIED**; and it is further

**ORDERED** that Counts I and V are **DISMISSED** under Federal Rule of Civil Procedure 41(a)(2).

**SO ORDERED**.

_____
/s/
John D. Bates
United States District Judge

Dated: <u>January 29, 2013</u>